IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLA GUSSMAN, | : | CIVIL ACTION |
|         Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
|         Defendant | : | NO. 21-1133 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                                                      December 17, 2021

        Alla Gussman ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted.

**I.     PROCEDURAL HISTORY**[1]

        On December 12, 2018, Plaintiff applied for DIB, alleging disability, because of physical and mental health impairments, that commenced on January 1, 2013. R. 12. The claim was denied, initially, and upon reconsideration; therefore, Plaintiff requested a hearing. *Id.* On March 4, 2020, Plaintiff appeared before Michael Carr, Administrative Law Judge ("the ALJ"), for a video hearing; Plaintiff was in Elkins Park, Pennsylvania and the ALJ was in Falls Church, Virginia. *Id.* Plaintiff, represented by an attorney, and Donna Nealon, a vocational expert, ("the VE") testified

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

at the hearing. *Id.* On April 24, 2020, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 12-23. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on January 29, 2021, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born on March 4, 1956, was 61 years old on her date last insured. R. 21. She did not complete high school. R. 43. Plaintiff's past work involved running her own housekeeping business; she last worked in 2012. R. 37-38. Plaintiff lives in a plus-55 community and stays on the first floor of her unit. R. 42.

B. <u>Plaintiff's Testimony</u>

At the administrative hearing, Plaintiff testified about her condition from 2013 through

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

2017, the relevant time for her DI claim. R. 36-44. Plaintiff stated that she stopped working, because of severe pain in her back, hands, hip and joints; she also began to experience headaches. R. 39-40. Plaintiff explained the gaps in her treatment history on debilitating bouts of depression that caused her not to leave the house and to avoid other people. R. 40. During the relevant time, she began to use a cane to walk in public and a walker at home to help her stand for long periods of time. R. 41. Plaintiff took pain killers and a muscle relaxer to alleviate her symptoms. R. 41-42.

During the relevant time, Plaintiff performed no household chores. R. 42. Instead, her daughter did everything for her. R. 42-43.

C.  Vocational Testimony

The VE categorized Plaintiff's past cleaner, housekeeper work as unskilled[3] and light,[4] her past work as a housekeeper was skilled,[5] light work. R. 39. The ALJ asked the VE to consider a person of Plaintiff's age, education and work experience with no exertional limitations who: could understand, remember and follow simple instructions; could perform routine, simple, repetitive tasks; and would require a work environment where change is minimal. R. 44. Although this individual could not perform Plaintiff's past work, she could perform the following, heavy[6] jobs: (1) landscape specialist (913,000 positions in the national economy); (2) commercial, institutional cleaner (2.2 million positions in the national economy); and (3) baker-helper (350,000 positions in

---

[3] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).
[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).
[5] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. … Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).
[6] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(b).

the national economy). R. 44-45. The VE also identified several light jobs the person could perform: (1) housekeeper-cleaner (913,000 positions in the national economy); (2) sorter (558,000 positions in the national economy); and (3) inspector-packer (664,000 positions in the national economy). R. 45. Next, the VE testified that being off-task 25% of the time would preclude all work; employers typically tolerate only 10% to 15% off-task time. R. 45-46. Furthermore, four absences a month would be unacceptable; typically one to two are the most. R. 46.

Plaintiff's attorney asked the VE if use of a cane would eliminate all heavy jobs; the VE stated it would. R. 47. Additionally, the VE stated that a person with the posited residual functional capacity could not perform work that involved detailed instructions. R. 47. Finally, the VE confirmed that all six jobs she had identified required the worker to stand on her feet the entire workday. R. 47.

### III.    THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2017.

2. [Plaintiff] did not engage in substantial gainful activity during the period from her alleged onset date of January 1, 2013 through her date last insured of December 31, 2017 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following severe impairments: mood disorder, anxiety disorder, and insomnia (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

5. After careful consideration of the entire record, the undesigned finds that, through the date last insured, [Plaintiff] had the residual functional capacity to perform a

    full range of work at all exertional levels but with the following nonexertional limitations: could understand, remember, and follow simple instructions; could perform, simple, routine, and repetitive tasks; required a work environment where change is minimal.

6.  Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).

7.  [Plaintiff] was born on March 4, 1956 and was 61 years old, which is defined as an individual closely approaching retirement age, on the date last insured (20 CFR 404.1563).

8.  [Plaintiff] has a limited education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569, 404.1569(a)).

11.  [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from January 1, 2013, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1520(g)).

R. 14, 16, 18, 21, 23.

## IV.  DISCUSSION

A.  <u>Standard of Review</u>

  Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*,

181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.      Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform her past relevant work, she could perform other heavy jobs that exist in the national economy and, hence, was not disabled. R. 12-23. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by: (1) failing to evaluate several medical opinions in the record; (2) finding that all of Plaintiff's physical impairments were not medically determinable; (3) finding that Plaintiff could perform jobs that exceed her residual functional capacity ("RFC"); (4) finding that she was able to communicate in English. Pl. Br. at 3-15. Plaintiff also argues that the appointment of the prior Commissioner, Andrew Saul, violated the separation of powers. Pl. Br. at 15-17  The Commissioner denies Plaintiff's assertions. Resp. at 3-29. This court finds that Plaintiff's first, second, and fourth arguments have merit. Hence, the court need not address her constitutional argument.[7]

---

[7] Plaintiff represents that, if she prevails on any of her non-constitutional arguments, this court need not address the constitutional argument she raises. Reply at 10.

1. The ALJ Ignored Medical Opinions in the Record which Undermine his Finding that Plaintiff can Perform Heavy Work

Plaintiff notes that the ALJ ignored several medical opinions in the record. Pl. Br. at 3-5. The Commissioner disputes this. Resp. at 16-17. Nevertheless, this court finds that the ALJ committed reversible error.

First, Plaintiff is correct that the ALJ ignored findings made by state agency physicians Drs. Mesaros and Ritner. The ALJ also ignored findings made by the consultative examiner, Dr. Woll. All of them opined that Plaintiff was limited to either light work or medium work. R. 58-59, 99,[8] 481. Herein, the ALJ relied upon the VE's testimony concerning heavy jobs to find that Plaintiff was not disabled. R. 22. Notably, Plaintiff would be disabled under Medical Vocational Rule ("MVR") 202.02 or 203.04, if she were limited to light or medium work. Hence, the ALJ ignored evidence that suggests a contrary result to the one he reached. Such an omission constitutes reversible legal error. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994). On remand, the ALJ must explicitly consider this evidence and, if he will reject it, he must explain why. *Id.*

2. The ALJ Ignored Evidence that Plaintiff had Medically Determinable Physical Impairments

Plaintiff argues that the ALJ erred by finding she had no medically determinable physical impairments. Pl. Br. at 5-7. The Commissioner disputes this assertion of error. Resp. at 17-20. However, this court finds that Plaintiff's claim has merit.

The ALJ found that, prior to her date last insured, Plaintiff had no medically determinable physical impairments. R. 15. However, Drs. Mesaros and Ritner both found that Plaintiff had the medically determinable impairment of degenerative joint disease. R. 56, 99-100. As noted above, the ALJ ignored these opinions. Furthermore, treating physician Dr. Berenson examined Plaintiff

---

[8] Dr. Ritner affirmed Dr. Mesaros's assessment of Plaintiff's condition. R. 99.

on November 6, 2014, and found point tenderness and abnormal range of motion in Plaintiff's lumbar spine and sacroiliac joints. R. 344. On December 18, 2014, Dr. Berenson again found point tenderness and abnormal range of motion in Plaintiff's lumbar spine during a physical examination. R. 342. While the ALJ acknowledged these findings, R. 15, he failed to realize that these were medical signs that would render Plaintiff's lower back pain medically determinable. *See* 20 C.F.R. § 404.1521. The significance of a medically determinable impairment versus one that is not medically determinable is that an impairment that is not medically determinable can be ignored, *see id.*, whereas a medically determinable one, even if not severe, cannot be ignored and must be considered throughout the sequential evaluation process ("SEP"). 20 C.F.R. § 404.1523. By ignoring relevant evidence and failing to appreciate the significance of evidence the ALJ did consider, the ALJ reversibly erred by failing to find that Plaintiff had a medically determinable physical impairment, namely, degenerative disc disease of the lumbar spine. On remand, he must consider that physical impairment at all steps of the SEP. 20 C.F.R. § 404.1523.

    3. <u>The ALJ Did not Commit Reversible Error when Determining that the Heavy Jobs he Relied upon Comported with his RFC Assessment</u>

Plaintiff argues that the ALJ erred, because the three heavy jobs he relied upon all required level two reasoning ability, which calls for the ability to carry out detailed but uninvolved written or oral instructions; however, Plaintiff's RFC only allows her to carry out simple instructions, which corresponds to level one reasoning ability. Pl. Br. at 7-11. The Commissioner counters that the industrial cleaner job the ALJ relied upon requires only reasoning level one and, since there were 2.2 million of these jobs in the national economy, any error with respect to the other two jobs was harmless. Resp. at 20. This court agrees with the Commissioner.

The VE identified the DOT number for the industrial cleaner job Plaintiff could perform as 381.687-014. R. 45. The parties agree that this DOT number corresponds with reasoning level

one. Resp. at 20; Reply at 6-7. Plaintiff argues that the VE did not identify this job as the heavy one the hypothetical person with Plaintiff's RFC could perform. Reply at 6-7. Plaintiff is mistaken. The VE did identify the industrial cleaner job with DOT number 381.687-014 as the **heavy** job the hypothetical person could perform. R. 45. Later in the hearing, the VE identified **light** jobs that the hypothetical individual with Plaintiff's RFC could perform; one of them was housekeeper cleaner with the DOT number 323.687-014. R. 45. This is the job Plaintiff argues requires reasoning level two. Reply at 7. Hence, Plaintiff's argument concerning this job lacks merit, because it is not a heavy job. Furthermore, since the industrial cleaner job alone amounts to 2.2 million jobs, R. 45, any ALJ error concerning the reasoning ability required by other heavy jobs he relied upon would be harmless. *See Zirnsak v. Colvin*, 777 F.3d. 607, 620 (3d Cir. 2014).

    4. <u>The ALJ Erred by Finding Plaintiff could Communicate in English</u>

Plaintiff argues that the ALJ erred by failing to find that she has inability to communicate in English. Pl. Br. at 12-15. The Commissioner counters, primarily by suggesting that Plaintiff is able to communicate in English. Resp. at 25-28. This court finds that the ALJ relied upon weak evidence that Plaintiff can communicate in English and ignored better evidence to the contrary; hence, a reasonable mind would not find Plaintiff able to communicate in English.

Plaintiff testified at the hearing *via* a Russian language interpreter. When she went to the consultative examination with Dr. Woll, a Russian interpreter assisted. R. 475. Plaintiff's medical records indicate she speaks Russian, not English. R. 288. In contrast to the obvious evidence that Plaintiff cannot communicate in English, most of which he ignored, the ALJ relied only upon her becoming a citizen before age 50. R. 21. This extremely weak evidence is overwhelmed by such other evidence that Plaintiff is a Russian-speaking person that a reasonable person would not conclude as did the ALJ. *See Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Hence, the

ALJ did not identify substantial evidence to support his conclusion.[9]  Upon remand, the ALJ shall reconsider whether Plaintiff can communicate in English.

An implementing Order and Order of Judgment follow.

---

[9] The Commissioner identifies other evidence in the record which she believes supports the conclusion that Plaintiff can communicate in English.  Resp. at 27-28.  However, the ALJ did not cite this evidence in his decision.  *See* R. 21.  Hence, this court may not consider this evidence either, because judicial review is limited to the explanations the ALJ actually relies upon.  *See Fargnoli*, 247 F.3d at 44 n.7 (citing *S.E.C. v. Chenery*, 318 U.S. 80 (1943)).